UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHMULLY NITZLICH,<br><br>    Plaintiff,<br><br>vs.<br><br>CAVALRY CAVALRY SPV I, LLC, and FINANCIAL RECOVERY SERVICES, INC.<br><br>    Defendants. | Civil Action No. 22-00272 |

## NOTICE OF REMOVAL OF
## CIVIL ACTION FROM STATE COURT

**TO:**   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK

Defendants CAVALRY SPV I, LLC (hereinafter referred to as "Cavalry") and FINANCIAL RECOVERY SERVICES, INC. (hereinafter referred to as "FRS") (collectively "Defendants"), by and through their undersigned attorney, respectfully represents as follows:

1. Defendants are the defendants in the above entitled action.

2. On or about December 21, 2021, the above entitled action was commenced, by the filing of a Summons and Complaint against the Defendants in the Supreme Court of the State of New York, County of Kings, Index No. 532608/2021 (the "State Court Action"), and is now pending therein. *A true and correct copy of the Summons and Complaint is attached and marked as **Exhibit A***.

3. The State Court Action seeks, *inter alia*, the following relief: monetary and statutory damages for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. (*See Exhibit A*).

4. This Court has original jurisdiction over the above entitled action pursuant to 28 U.S.C. §1331, as it involves a federal question with regards to the alleged violations of the Fair

Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. Thus, this action must therefore be removed to this Court pursuant to 28 U.S.C. §1441(a). Furthermore, this Court will have pendent jurisdiction over any other state claims that may be asserted by the Plaintiff.

5. This notice is timely filed with the Court within thirty (30) days after service of the Summons and Complaint on the last served party, Defendant FRS pursuant to 28 U.S.C. §1446(b) as the Summons was served on FRS on December 30, 2021 and on Defendant Cavalry on December 29, 2021.

6. This removal is made without waiving any jurisdictional or other defenses including the defense of improper service.

7. Attached hereto as **_Exhibit "B"_** is a true copy of the Notice of Filing of Removal which was sent to all other parties on this date.

8. Attached are the following process, pleadings and orders served upon Defendants in this action which are known to me:

   a. Plaintiff's Summons and Complaint – Exhibit "A".

WHEREFORE, Defendants Cavalry SPV I, LLC and Financial Recovery Services, Inc. respectfully request that the above entitled action be removed from the Supreme Court of the State of New York, Kings County.

> Respectfully submitted,
> **MAURICE WUTSCHER, LLP**
>
> **/s/ Thomas R. Dominczyk**
> Thomas R. Dominczyk, Esq.
> Attorneys for Cavalry SPV I, LLC
> 5 Walter E. Foran Boulevard, Suite 2007
> Flemington, NJ  08822
> (908) 237-4550; (908) 237-4551 fax
> tdominczyk@mauricewutscher.com

Date: January 18, 2022

# Exhibit "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

DEC 3 0 2021

Shmully Nitzlich,

                   Plaintiff,

v.

Cavalry SPV I, LLC and Financial Recovery Services, Inc.,

                   Defendants.

Index No.:
Date Purchased:

**SUMMONS**

**Basis of Venue:**

**CPLR §509:** Venue designated by Plaintiff.

**CPLR §503(a):** Plaintiff's principal place of business and residence

**TO THE ABOVE-NAMED DEFENDANT(S):**

    **YOU ARE HEREBY SUMMONED,** to answer the complaint in this action and to serve a copy of your answer, or, if the compliant is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Garden City, New York
       December 21, 2021

                                   Yours, etc.,

**TO:**    Cavalry SPV I, LLC
         500 Summit Lake Drive
         Valhalla, NY 10595

**Financial Recovery Services, Inc.**
4510 W 77th Street, Suite 200
Edina, MN 55435

**SANDERS LAW GROUP**

By: _____*Kara S. McCabe*_____
Kara S. McCabe, Esq.
Jonathan M. Cader, Esq.
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600 Ext. 3233
Email: kmccabe@sanderslaw.group
File No.: 123216
*Attorneys for Plaintiff*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
-----------------------------------------------------------------x
Shmully Nitzlich,

                           Plaintiff/Petitioner,

     - against -                       Index No. 532608/2021

Cavalry SPV I, LLC and Financial Recovery
Services, Inc.,

                         Defendant/Respondent.
-----------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Consensual Case)
(Uniform Rule § 202.5-b)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

    - serving and filing your documents electronically

    - free access to view and print your e-filed documents

    - limiting your number of trips to the courthouse

    - paying any court fees on-line (credit card needed)

  **To register for e-filing or for more information about how e-filing works:**

  - visit: www.nycourts.gov/efile-unrepresented or
  - contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

## Information for Attorneys

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: December 27, 2021

Kara McCabe
      Name
Sanders Law Group
      Firm Name

100 Garden City Plaza
      Address

Garden City New York 11530

5162037600
      Phone

kmccabe@sanderslaw.group
      E-Mail

To: Financial Recovery Services, Inc.

4510 W 77th Street, Suite 200

Edina, MN 55435

6/6/18

Index #                    Page 2 of 2                    EF-3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

Shmully Nitzlich,

        Plaintiff,

v.

Cavalry SPV I, LLC and Financial Recovery Services, Inc.,

        Defendants.

Index No:

**COMPLAINT**

Shmully Nitzlich, ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges Cavalry SPV I, LLC and Financial Recovery Services, Inc., (collectively "*Defendants*"), as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices action.

## PARTIES

2. Plaintiff Shmully Nitzlich is an adult who is a citizen of the State of New York residing in Kings County, New York.

3. Plaintiff is a natural person allegedly obligated to pay a debt.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Upon information and belief, Defendant Cavalry SPV I, LLC, is a New York Limited Liability Company with a principal place of business in Westchester County, New York.

6. Upon information and belief, Defendant Financial Recovery Services, Inc., is a Minnesota Corporation with a principal place of business in Hennepin County, Minnesota.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to CPLR §§ 301 and 302, in that Defendant Cavalry SPV I, LLC, is domestic Limited Liability Company and Defendant Financial Recovery Services, Inc. conducts business in the State of New York, and has purposely availed itself of the

privilege of conducting business in the State of New York.

8.    Venue is appropriate in Kings County pursuant to Section 503(a) of the New York Civil Practice Law and Rules since Plaintiff resides within such County.

9.    At all relevant times, Defendants conducted business within the State of New York.

## THE FDCPA AS IT RELATES TO THE CLAIMS HEREIN

10.    Congress enacted the FDCPA in 1977 upon finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." And that debt collection abuse by third party debt collectors was a widespread and serious national problem. *See* S. Rep. No. 95-382, at 2 (1977) *reprinted in* U.S.C.C.A.N. 1695, 1696; 15 U.S.C § 1692(a).

11.    After determining that the existing consumer protection laws were inadequate, §§ 1692(b) (c), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

12.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

13.    Under the FDCPA debt collectors are prohibited from engaging in deceptive practices. *Llewellyn v. Asset Acceptance, LLC*, 669 Fed. App'x 66, 67 (2d Cir. 2016).

14.    The FDCPA is a strict liability statute, and a debt collector's intent may only be considered as an affirmative defense. 15 U.S.C. § 1692k(c); *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Likewise, "the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993).

15.    If a debt collector's communication is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer, it violates the FDCPA. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001). Similarly, a communication violates the FDCPA if it is "open to more than one reasonable interpretation, at least one of which is inaccurate," or if the communication "would make the least sophisticated consumer uncertain as to [his or] her rights." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993); *Jacobson*, 516 F.3d at 90.

16.    A single violation of the FDCPA to establish civil liability against the debt

collector. *DeSantis*, 269 F.3d 159 at 161.

## FACTUAL ALLEGATIONS

17. Plaintiff is a natural person allegedly obligated to pay a debt.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

19. Defendant Financial Recovery Services, Inc. (hereinafter "FRS") is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

20. Defendant FRS regularly collects or attempts to collect debts asserted to be owed to others.

21. Defendant FRS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

22. The principal purpose of Defendant, FRS's business is the collection of such debts.

23. Defendant, FRS, uses the mails in its debt collection business.

24. Defendant Cavalry SPV I, LLC, (hereinafter "CAVALRY") is in the business of purchasing consumer debts owed to others which are in default and collecting on same.

25. The principal purpose of Defendant CAVALRY's business is the collection of such debts.

26. Defendant CAVALRY is not the original creditor of any loan to Plaintiff.

27. Defendant CAVALRY, uses the mails in its debt collection business.

28. Defendant CAVALRY is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

29. Defendant CAVALRY is liable for its own actions, as well as those of its agent, FRS.

30. Defendants allege that Plaintiff owes a debt (the "alleged Debt").

31. Upon information and belief, based upon the representation contained in the collection letter more fully described *infra,* the original creditor for the putative debt at issue is represented to be "Citibank, N.A."

32. The alleged Debt, to the extent it exists, is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

33. The alleged Debt does not arise from any business enterprise of Plaintiff.

34. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

35. At an exact time known only to Defendants, the alleged Debt is alleged to have been assigned, purchased or otherwise transferred to Defendant CAVALRY for collection.

36. At the time the alleged Debt was purportedly assigned, purchased or otherwise transferred to Defendant CAVALRY for collection, the alleged Debt was in default.

37. At an exact time known only to Defendants, Defendant CAVALRY hired Defendant FRS to attempt to collect the alleged Debt.

38. At the time the alleged Debt was assigned or otherwise transferred to Defendant FRS for collection, the alleged Debt was in default.

39. In its efforts to collect the alleged Debt, Defendant, FRS contacted Plaintiff in writing, including by letter dated May 12, 2021 (the "Letter"). (A true and accurate copy is annexed hereto as "***Exhibit 1***").

40. The Letter conveyed information regarding the alleged Debt.

41. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

42. The Letter was received and read by Plaintiff.

43. Pursuant to 15 U.S.C. § 1692e, Plaintiff has the right be free from deceptive and/or misleading communications from Defendant. As set forth herein, Defendant deprived Plaintiff of this right.

44. Plaintiff has been reasonably misled by Defendant FRS's actions.

45. Prior to commencing this action, Plaintiff sought validation of the alleged Debt as it specifically pertained to the Chain of Title.

46. Prior to commencing this action, Plaintiff sought validation of the alleged Debt as it specifically pertained to the purported ownership of the debt.

47. In response, Defendant FRS failed to provide information sufficient to establish CAVALRY's putative ownership of the alleged Debt.

48. In response, Defendant CAVALRY failed to provide information sufficient to establish its putative ownership of the alleged Debt.

49. As a result, Defendant CAVALRY closed the account regarding Plaintiff's alleged Debt.

50. Upon information and belief, CAVALRY hired Defendant FRS at all relevant times hereto. As such, CAVALRY is liable for its own actions, as well as being vicariously responsible for the conduct and actions of FRS described herein.

5

51. Upon information and belief, Defendant FRS, by sending the Letter, was attempting to take action that it legally could not take made in connection with an attempt to collect a debt.

52. That as a result, the Letter was a false representation of the legal status and character of the alleged Debt.

53. That as a result, the Letter was materially deceptive as to the validity of the alleged Debt.

54. Upon information and belief, Plaintiff can prove that all actions taken by Defendant, FRS as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## FIRST COUNT

55. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

56. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

58. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

59. Defendants allege that Plaintiff owed $11,534.95 (the "Claimed Amount").

60. Plaintiff did not owe the Claimed Amount.

61. In fact, Plaintiff did not owe any money at all to the entity on whose behalf Defendant FRS was seeking to collect.

62. Defendant FRS's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant was seeking to collect, violates 15 U.S.C. § 1692e.

63. Defendant FRS's allegation that Plaintiff owed the Claimed Amount is a false representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

64. Defendant FRS's allegation that Plaintiff owed the Claimed Amount is a deceptive representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

65. Defendant FRS's allegation that Plaintiff owed the Claimed Amount is a false representation of the character of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

66. Defendant FRS's allegation that Plaintiff owed the Claimed Amount is a false representation of the amount of the alleged Debt and the legal status of the Debt in violation of 15 U.S.C. § 1692e(2)(A).

67. Defendant FRS's allegation that Plaintiff owed the Claimed Amount is a false representation and deceptive means made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

68. Defendant CAVALRY's representation that Plaintiff owed the Claimed Amount is a false representation and deceptive means made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

69. An allegation by a debt collector that a consumer owes a debt, when the debt is not owed at all by the consumer, is a false, deceptive and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

70. Defendants' allegation that Plaintiff owed the Claimed Amount, when Plaintiff did not owe any money at all to the entity on whose behalf Defendant FRS was seeking to collect, is a false, deceptive, and misleading representation made by Defendant FRS in connection with Defendant FRS's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

71. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

## SECOND COUNT

72. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

73. A statement of "the name of the creditor to whom the debt is owed," when the consumer does not any money at all to the stated entity, violates 15 U.S.C. § 1692e.

74. The Letter claims the name of the creditor to whom the alleged Debt is owed is CAVALRY, Inc. (the "Putative Creditor").

75. Plaintiff did not owe the alleged Debt to the Putative Creditor.

76. The Putative Creditor never offered to extend credit to Plaintiff.

77. The Putative Creditor never extended credit to Plaintiff.

78. Plaintiff was never involved in any transaction with the Putative Creditor

7

79. Plaintiff never entered into any contract with the Putative Creditor
80. Plaintiff never did any business with the Putative Creditor.
81. Plaintiff was never indebted to the Putative Creditor
82. The Putative Creditor is a stranger to Plaintiff.
83. Upon information and belief, CAVALRY holds no legally cognizable right, title or interest in any debt allegedly owed by Plaintiff to Citibank, N.A.
84. Defendant FRS's statement that the Putative Creditor is "the name of the creditor to whom the debt is owed," when the Putative Creditor is not creditor to whom the alleged Debt is owed, violates 15 U.S.C. § 1692e.
85. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.
86. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.
87. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.
88. An allegation by a debt collector that a consumer owes a debt to a certain entity, when the debt is not owed by the consumer to that entity, is a false, deceptive, and misleading representation made in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).
89. Defendant FRS's allegation that Plaintiff owed a debt to the Putative Creditor, when Plaintiff did not owe a debt to the Putative Creditor, is a false, deceptive and misleading representation made by Defendant in connection with Defendant FRS's collection of the alleged Debt, in violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).
90. For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT

91. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.
92. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.
93. §1692e(8) prohibits communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to

8

communicate that a disputed debt is disputed.

94. §1692e(12) prohibits the false representation or implication that accounts have been turned over to innocent purchasers for value.

95. Defendant CAVALRY violated §§ 1692e(8), 1692e(12) and 1692e(2)(A) by reporting the alleged Debt to Consumer Credit Reporting Agencies, including but not limited to Experian, when it had no legal right to do so.

96. Defendant CAVALRY made a false representation as to is the identity of the entity and legal owner of the alleged Debt.

97. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

98. Defendant CAVALRY violated § 1692e(10) by its false representation made in connection with an attempt to collect a debt.

99. For the foregoing reasons, Defendant CAVALRY violated 15 U.S.C. §§ 1692e, §1692e(8), 1692e(12), 1692e(10) and 1692e(2)(A) and is liable to Plaintiff therefor.

## JURY DEMAND

100. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered as follows:

a. Finding Defendants' actions violate the FDCPA; and
b. Awarding Plaintiff statutory damages in the amount of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);
c. Awarding Plaintiff's the costs of this action and reasonable attorneys' fees as provided under 15 U.S.C. § 1692k(a)(3); and
d. Awarding Plaintiff such other and further relief that the Court determines is just and proper.

DATED: December 21, 2021

**SANDERS LAW GROUP**

By: *Kara S. McCabe*

Kara S. McCabe, Esq.
Jonathan M. Cader, Esq.
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600 Ext. 3233
Email: kmccabe@sanderslaw.group
File No.: 123216
*Attorneys for Plaintiff*

```
DEPT 813    7202722121054
PO BOX 4115
CONCORD CA  94524
```

**FINANCIAL RECOVERY SERVICES, INC.**

P.O. Box 385908
Minneapolis, MN 55438-5908
1-833-417-0166

Current Creditor: CAVALRY SPV I, LLC
Original Creditor: CITIBANK, N.A.
Regarding: CITIBANK, N.A.
Account Number: XXXX0583
Date Of Last Payment: 01/13/2020
Charge-Off Date: 08/18/2020

Total Balance Due: $11534.95
FRS File Number: ▇Z589
On-line PIN Number: ▇4462
(Used to access and view your file on WWW.FIN-REC.COM)

RETURN SERVICE REQUESTED

May 12, 2021

SHMULLY NITZLICH
207 AVENUE I
BROOKLYN NY 11230-2615

******Payments are an option******

As you have not resolved this account, we are extending to you another option.

In an effort to allow you more time to get your finances in order, we will agree to accept $50.00 per month for the next three months.

At the end of three months the arrangement will be reviewed and hopefully you will be able to pay the remaining balance in full.

**To make a payment, please** call us at the toll-free number listed below or utilize our on-line web payment solution at www.fin-rec.com using the on-line PIN number and FRS file number referenced above.

If you are sending your payment by overnight delivery, please use the following address: 4510 W. 77th St., Suite 200, Edina, MN 55435.

Sincerely,

MONTY MAITLAND
Account Manager
Toll Free: 1-833-417-0166

This is an attempt to collect a **debt**. Any information obtained will be used for that purpose.
This communication is from a debt collector.
**See reverse side for important information.**

Office hours are: Monday-Thursday, 7am to 8pm CT; Friday 7am to 5pm CT; Saturday 7am to noon CT.

***Detach and return this portion of this notice with your payment***

| 1 OF 3 | 2 OF 3 | 3 OF 3 |
|---|---|---|
| FRS File #: ▇Z589 | FRS File #: ▇Z589 | FRS File #: ▇Z589 |
| 1-833-417-0166 | 1-833-417-0166 | 1-833-417-0166 |
| Balance due as of May 12, 2021: $11534.95 | Balance due as of May 12, 2021: $11534.95 | Balance due as of May 12, 2021: $11534.95 |
| Amount enclosed: _____ | Amount enclosed: _____ | Amount enclosed: _____ |
| Home phone: _____ | Home phone: _____ | Home phone: _____ |
| Work phone: _____ | Work phone: _____ | Work phone: _____ |
| Cell phone: _____ | Cell phone: _____ | Cell phone: _____ |
| Financial Recovery Services, Inc. | Financial Recovery Services, Inc. | Financial Recovery Services, Inc. |
| P.O. Box 385908 | P.O. Box 385908 | P.O. Box 385908 |
| Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 | Minneapolis, MN 55438-5908 |

# Exhibit "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

| | |
|---|---|
| SHMULLY NITZLICH,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CAVALRY CAVALRY SPV I, LLC, and FINANCIAL RECOVERY SERVICES, INC.<br><br>　　　　Defendants. | Index No. 532608/2021 |

## NOTICE OF FILING OF REMOVAL

TO:　Clerk
　　　Supreme Court of the State of New York
　　　County of Kings
　　　360 Adams Street
　　　Brooklyn, New York 11201

　　　Kara S. McCabe, Esq.
　　　Sanders Law Group
　　　100 Garden City Plaza, Suite 500
　　　Garden City, New York 11530

**TO THE PARTIES**:

　　**PLEASE TAKE NOTICE**, that on January 18, 2022, Cavalry SPV I, LLC, and Financial Recovery Services, Inc., Defendants in the above entitled action, submitted a Notice of Removal, copies of which are attached hereto, of the above entitled action to the United States District Court for the Eastern District of New York.

　　You are also advised that Cavalry SPV I, LLC and Financial Recovery Services, Inc.on filing such Notice of Removal in the Office of the Clerk of the United States District Court for the Eastern District of New York also filed and served a copy thereof by electronic filing with the

Clerk of the Supreme Court of the County of Kings, New York, to effect the removal pursuant to 28 U.S.C. 1446. By virtue of 28 U.S.C. 1446(d), the Supreme Court of the State of New York, County of Kings, has no further jurisdiction over this action and you should proceed no further in that Court or under its authority.

          Respectfully submitted,
          **MAURICE WUTSCHER, LLP**

          **/s/ Thomas R. Dominczyk**
          Thomas R. Dominczyk, Esq.
          Attorneys for Cavalry SPV I, LLC and
          Financial Recovery Services, Inc.
          5 Walter E. Foran Boulevard, Suite 2007
          Flemington, NJ  08822
          (908) 237-4550; (908) 237-4551 fax
          tdominczyk@mauricewutscher.com

Date: January 18, 2022